**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| GARY ROSS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 06-0811-CV-W-FJG |
| | ) | |
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, | ) ) | |
| | ) | |
| and | ) | |
| | ) | |
| RON MCCLARY | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Currently pending before the Court is plaintiff's Motion to Remand (Doc. # 5), American Family Mutual Insurance Company's Motion to Dismiss Count I (Doc. # 7) and Ron McClary's Motion to Dismiss (Doc. # 8).

Plaintiff argues that the case should be remanded because there is a lack of diversity jurisdiction. Ron McClary is a resident of Missouri and the plaintiff is also a Missouri resident. Defendants argue that diversity jurisdiction exists and McClary's citizenship should be disregarded because he was fraudulently joined in this action. Plaintiff states that he had pled two causes of action against McClary - bad faith and breach of fiduciary duties. Plaintiff correctly notes that defendants bear the burden of proving that there is no possibility that plaintiff could assert a claim against McClary. Plaintiff states that McClary was the in house attorney for American Family who acted

as an adjustor, counsel for American Family and at times as the attorney for Gary Ross. Plaintiff states that McClary wore many hats and whether he was acting as Ross' attorney when he sought a release on his behalf or was wearing the hat of an adjustor is a question of fact.

In opposition to plaintiff's motion, defendants have provided the Court with an affidavit of Ron McClary, in which he states that he had no "adjustment" responsibilities with regard to Ross' claim which would make him liable for a claim of "bad faith" failure to defend or settle and that he had no attorney-client relationship with Ross.

Before ruling on the motion to remand and the motions to dismiss, the Court finds that it would be helpful to have some additional information regarding exactly what McClary's role was with regard to this claim. Accordingly, the Court hereby directs the parties to conduct some limited discovery focusing on what role McClary played in handling this claim. Counsel shall consult with each other and provide the Court with a joint plan for conducting this discovery on or before **January 29, 2007.** After the parties have completed the discovery, they may file supplemental motions. The joint plan shall also include dates for the filing of the parties' supplemental motions. Therefore, plaintiff's Motion to Remand (Doc. # 5) and Defendants' Motions to Dismiss (Docs. # 7 and 8) are hereby **PROVISIONALLY DENIED.**

Date: 1/18/07  **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri  Fernando J. Gaitan, Jr.
United States District Judge