# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| GARY ROSS, | ) |
| Plaintiff, | ) |
| vs. | ) No. 06-0811-CV-W-FJG |
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, | ) |
| and | ) |
| RON McCLARY | ) |
| Defendants. | ) |

## ORDER

Currently pending before the Court is plaintiff's Motion to Amend (Doc. # 24), American Family Mutual Insurance Company's Motion for Extension of Time to File Response (Doc. # 26), plaintiff's Amended Motion to Remand (Doc. # 29) and American Family's Renewed Motion to Dismiss (Doc. # 32) and Ron McClary's Renewed Motion to Dismiss (Doc. # 33).

### I. BACKGROUND

Plaintiff originally filed this cause of action in the Circuit Court of Jackson County, Missouri on August 22, 2006. In his petition, plaintiff named as defendants American Family Mutual Insurance Company and Ron McClary. American Family is a Wisconsin insurance company with its principal place of business in Wisconsin. McClary is a citizen and resident of Missouri and was an employee of American Family.

Plaintiff argues that diversity jurisdiction is lacking and remand is necessary because he is also a Missouri resident. Defendants argue that McClary's citizenship should be disregarded because he was fraudulently joined in this action.

On January 18, 2007, the Court provisionally denied plaintiff's Motion to Remand and defendants' Motions to Dismiss and gave the parties an opportunity to conduct depositions to further develop the facts regarding the role of defendant McClary. The parties have now taken the depositions of both McClary and plaintiff and have filed renewed motions. Additionally, plaintiff has filed a Motion to Amend the Complaint to add Cindy McCormick, who was a claims adjustor for American Family.

## II. STANDARD

In Filla v. Norfolk Southern Railway Company, 336 F.3d 806 (8th Cir. 2003), the Court articulated the standard for determining whether a party has been fraudulently joined:

> Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. [I]t is well established that if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained. . . .However, if there is a "colorable" cause of action - that is, if the state law *might* impose liability on the resident defendant under the facts alleged - then there is no fraudulent joinder. . . . As we recently stated in Wiles [v. Capitol Indemnity Corp., 280 F.3d 868, 871 (8th Cir. 2002)], joinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants. . . . Conversely, if there is a reasonable basis in fact and law supporting the claim, the joinder is not fraudulent.

Id. at 810 (internal citations and quotations omitted).

In Barnes v. Dolgencorp, Inc., No. 06-0632-CV-W-ODS, 2006 WL 2664443, (W.D.Mo. Sept. 14, 2006), the Court stated:

> In conducting this inquiry, the Court must resolve all facts and ambiguities

in the current controlling substantive law in the plaintiff's favor, but the Court has no responsibility to *definitively* settle the ambiguous question of state law. . . . Instead, the court must simply determine whether there is a reasonable basis for predicting that the state's law *might* impose liability against the defendant. . . . Where the sufficiency of the complaint against the non-diverse defendant is questionable, the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide.

Id. at *1 (internal citations and quotations omitted).

### III. DISCUSSION

Plaintiff states that McClary did not act solely as an attorney for American Family, but he also acted as an adjustor and/or claims supervisor. By crossing this line, plaintiff argues that McClary breached his fiduciary duty and acted in bad faith. Plaintiff argues that McClary attempted to get a release for him and wrote a letter to Jim Hall (plaintiff's personal attorney) stating, "I [Ron McClary] have been waiting to hear from you [Jim Hall] with regard to possibly working out an 065 agreement for your client, but I [Ron McClary] have heard nothing from you [Jim Hall] since your letter of September 12, 2002." McClary stated in his deposition that a R.S.Mo. § 537.065 operates as a release for the insured, but preserves claims, such as bad faith, against the insurance company. Plaintiff argues that in attempting to get a release, McClary was acting as an adjustor. Plaintiff also states that McClary was acting as an adjustor/claims supervisor when he determined that there was a coverage issue and filed a declaratory judgment action. Finally, plaintiff states that McClary acted as an adjustor when he wrote to Jim Hall, plaintiff's personal attorney, and told him that if suit is filed against Mr. Ross by petition or third-party petition, that such papers should be immediately forwarded to McClary's office for review.

Plaintiff states that Missouri law permits suits against insurance company

3

Case 4:06-cv-00811-FJG   Document 40   Filed 06/18/07   Page 3 of 8

employees for wrongs committed. In support of this assertion, plaintiff cites to the decisions of Judge Whipple in <u>Eichholz v. American Family</u>, No. 06-408-CV-W-DW (Aug. 28, 2006) and Judge Smith in <u>Shobe v. Kelly</u>, No. 05-236-CV-W-ODS, (May 23, 2005). In <u>Eichholz</u>, plaintiff sued American Family and two Missouri residents over the handling of a claim under an automobile liability insurance policy related to an accident. The plaintiff sued the claims adjuster and the claims manager, both Missouri residents. The petition alleged that these employees failed to inform plaintiff of settlement offers within the policy limits. Judge Whipple concluded that Missouri law did not definitively resolve the question of whether employees of an insurer can be held personally liable. Judge Whipple determined:

> [t]here is a reasonable basis in Missouri law for concluding that Missouri courts may recognize personally liability for claims based on bad faith, negligence or fraud against Houghland, as American Family's claims manager, and Bridges, as American Family's claims adjuster. Defendant has failed to cite Missouri law specifically disallowing all the claims involved in this action. While no Missouri case specifically addresses the individual liability of employees of insurers, there are other authorities that reasonably suggest that Missouri may recognize a cause of action under the circumstances pleaded in the petition. Under <u>Filla</u>, the better practice is for the Court to remand the case leaving the question of state law for the state courts to decide.

<u>Id</u>. at p. 6.

Similarly, in <u>Shobe</u>, plaintiff alleged that the claims adjuster improperly refused to settle the claim within the policy limits, refused to pay the entire judgment, failed to keep plaintiff fully informed and advised of settlement opportunities and failed to honor plaintiff's demands. The court noted that "no Missouri court has directly addressed individual liability of insurance adjustors who exhibit bad faith." <u>Id</u>. at pp. 2 - 3. Because the plaintiff had stated a colorable claim against the adjuster, the Court determined that the joinder was not fraudulent and remanded the case. Plaintiff also relies on <u>El Dorado</u>

Springs R-2 School Dist. v. Moos, 264 F.Supp. 815 (W.D.Mo. 1967). In that case, the plaintiff sued both the insurance company and the agent for misrepresentation. The Court concluded that the joinder of the insurance agent was not fraudulent and remanded the action.

Defendants state that at all times McClary acted only as an attorney on behalf of American Family and that no attorney-client or other special relationship existed between McClary and Ross that would create a fiduciary relationship. With regard to the assertion that McClary was attempting to negotiate a release for Ross, defendants state that there is no proof that McClary was given the responsibility or authority to negotiate such an agreement and the facts are that both Ross and the injured parties had their own attorneys representing their interests. Defendants also argue that the fact that McClary decided to file a declaratory judgment action in addition to an interpleader does not demonstrate that he acted as an adjustor. With regard to the request that suit papers be forwarded to him, defendants state that this does not demonstrate that he was acting as an adjustor.

Defendants also state that Missouri does not recognize a claim for "Bad Faith" Refusal to Defend. In support of their argument, defendants cite to Esicorp v. Liberty Mutual Insurance Company, 193 F.3d 966, 971-72 (8th Cir. 1999). In that case, the Court stated:

> In Missouri, a breach of the duty to defend sounds in contract, while a breach of the duty to settle sounds in tort. . . . Punitive damage are not recoverable under Missouri law for breaches of contract, even where the breach is intentional, willful, wanton or malicious. . . . We conclude the Missouri Supreme Court would not recognize a new, independent cause of action sounding in tort that would permit an award of punitive damages for a liability insurer's "bad faith refusal to defend."

Id. at 971-972 (8th Cir. 1999)(internal citations and quotations omitted). Defendants

state that plaintiff is seeking to recover in tort for an alleged breach of the duty to defend, something which defendants state the Eighth Circuit prohibits. Additionally, defendants state that the breach of the duty to defend requires the existence of a contract giving rise to the duty to defend. The only contract that plaintiff pled in the Complaint was the policy between plaintiff and American Family. Thus, defendants state that McClary, as an employee and attorney of American Family, cannot be held individually liable for non-performance of the contract of insurance. Defendants also argue that the depositions of McClary and Ross demonstrate that there was no fiduciary relationship between the two as Ross never met McClary, never spoke with him and never gave him legal advice. Defendants distinguish the decision in Eichholz, by noting that in that case, the plaintiff pled all the essential elements for a claim of "bad faith" failure to *settle*. The only question in that case was whether the claim extended to employees/adjustors.

Plaintiff in reply states that he has alleged two bad faith claims - bad faith refusal to settle and bad faith refusal to defend. The bad faith refusal to settle claim is premised on obtaining a release for plaintiff. Plaintiff alleges that American Family promised to attempt to get a release for him, but then made no effort to do so. With regard to the Eichholz case, plaintiff disagrees with the defendants' interpretation of this case. Plaintiff states that this case held only that punitive damages are not available in a bad faith failure to defend case.

In ruling on plaintiff's Motion to Remand, this Court is required to "resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor." Filla, 336 F.3d at 811. In the instant case, the Court finds that the Missouri courts have not definitively settled the question whether plaintiff can assert a bad faith failure to defend

6

and a bad faith failure to settle claim against an employee of an insurer.  In ruling on plaintiff's Motion to Remand, it is not the duty of this Court to make that determination.  Joinder is only fraudulent, if it is "*clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant. . . ." Iowa Public Service Co. v. Medicine Bow Coal Co., 556 F.2d 400, 406 n.6 (8th Cir. 1977)(emphasis added).  In the instant case, the Court does not find that it is clear that plaintiff cannot assert a claim against McClary.  Despite defendants assertion that Esicorp, stands for the proposition that Missouri does not recognize a tort claim for "bad faith refusal to defend," this Court does not read the holding of that case so broadly.  In that case, Esicorp sued St. Louis Testing Laboratories ("SLT") for negligence.  SLT's liability insurer, Liberty Mutual Insurance Company refused to defend SLT.  Esicorp and SLT then settled that lawsuit.  Esicorp, on behalf of itself and SLT, then sued Liberty Mutual to recover the settlement amount and punitive damages for bad faith breach of the insurer's duties to defend and indemnify. The district court determined that Liberty Mutual had breached its duty to defend SLT and granted Esicorp judgment for the full amount of the settlement plus SLT's costs of defense, but rejected Esicorp's claim for punitive damages and attorney fees.  Both parties appealed. On appeal Esicorp argued that the district court had erred in granting summary judgment dismissing its claim for punitive damages for Liberty Mutual's bad faith refusal to defend in the underlying lawsuit.  The Court in Esicorp stated:

> In Missouri, a breach of the duty to defend sounds in contract, while a breach of the duty to settle sounds in tort. . . . Punitive damages are not recoverable under Missouri law for breaches of contract, even where the breach in intentional, willful, wanton or malicious. . . . We conclude the Missouri Supreme Court would not recognize a new, independent cause of action sounding in tort that would permit an award of punitive damages for a liability insurer's "bad faith refusal to defend."

Id. at 971-72 (internal citations and quotations omitted). This case does not stand for the proposition that an insurance company or its employees, may not be sued for bad faith refusal to defend.

As stated above, it is the defendants' burden to show that federal jurisdiction exists. To do so, they must show that McClary's joinder was fraudulent. In the instant case, the Court does not find that defendants have met this burden because they have not clearly demonstrated that plaintiff's causes of action against McClary are precluded under Missouri law. Thus, because the claims against McClary are not precluded and because there is no diversity of citizenship, the Court has no jurisdiction and must remand this action to state court. Accordingly, this case is hereby **REMANDED** to the Circuit Court of Jackson County, Missouri at Independence.

As the Court has determined that does not have jurisdiction over this action, it will not address defendants' Motions to Dismiss or plaintiff's Motion to Amend.

### IV. CONCLUSION

Accordingly, for the reasons stated above, the Court hereby **GRANTS** plaintiff's Amended Motion to Remand (Doc. # 29) and **DENIES** as **MOOT** defendants' Renewed Motions to Dismiss (Docs. 32, 33) and **GRANTS** American Family's Motion for Extension of Time to File a Reply (Doc. # 26) and **DENIES** as **MOOT** plaintiff's Motion to Amend (Doc. # 24).

The Clerk of the Court is directed to mail a certified copy of this Order to the Clerk of the Circuit Court of Jackson County, Missouri at Independence as required by 28 U.S.C. § 1447(c).

Date: 6/18/07    **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri    Fernando J. Gaitan, Jr.
    Chief United States District Judge